# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  v.                                        **Case No. 05-CR-218**

**DAVID C. BUSCH**
    **Defendant.**

## DECISION AND ORDER

On February 16, 2006, I sentenced defendant David Busch to two years probation, the first six months to be served on home confinement, along with a $7000 fine, following his guilty plea to wire fraud. This sentence was based on an agreed 6 level downward departure. Defendant now moves for early termination of his probation. See 18 U.S.C. § 3564(c).

### I.

In his request for early termination, defendant indicates that he has served his six months of home detention, paid his fine and otherwise complied with his conditions of probation. He further indicates that he secured full-time employment on July 9, 2007, that his employer is aware of his conviction and is satisfied with his work. Finally, he states that he may be called upon to travel outside the district as part of his job.

### II.

Under 18 U.S.C. § 3564(c), the court may terminate probation in a felony case after one year if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. In order to justify early termination, the conduct of the defendant must include more than simply

following the rules of supervision.  Otherwise, every defendant who avoids revocation would be eligible for early termination.  Instead, termination is generally granted only in cases with a new or unforeseen circumstance, such as where the defendant's conditions unreasonably impede his rehabilitation or where the defendant's behavior has been exceptionally good.  See, e.g., United States v. Caruso, 241 F. Supp. 2d 466, 468-69 (D.N.J. 2003); see also United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997); United States v. Medina, 17 F. Supp. 2d 245, 246-47 (S.D.N.Y. 1998).[1]

Defendant fails to demonstrate that his conduct warrants early termination. The fact that he has paid his fine and otherwise complied with his conditions is laudable, but it is also what the court expects of someone on probation.  It is also to defendant's credit that he recently obtained a job, but again, the court expects people to work.  Finally, defendant fails to show that his conditions will unreasonably interfere with work-related travel.  The probation officer or the court may approve such travel under standard condition no. 1.

Defendant also fails to demonstrate that early termination is in the interest of justice. Although the parties agreed that defendant's role in the fraudulent scheme was limited, that he did not personally profit, and that the loss amount under the guidelines overstated the seriousness of his particular conduct, this was a very serious crime.  Defendant forged the name of his employer on loan documents, abusing the trust that had been placed in him. Defendant also made a campaign contribution, which was illegally reimbursed by his employer. Given the seriousness of the crime, early termination would fail to promote respect for the law, 18 U.S.C. § 3553(a)(2)(A), and deter others from criminal conduct, § 3553(a)(2)(B).  Although

---

[1] Lussier and Medina are supervised release cases, but the standard in such cases is analogous to that in probation cases.

I believe that defendant presents a low risk of re-offending, § 3553(a)(2)(C), and has no significant correctional treatment needs, § 3553(a)(2)(D), the present sentence takes those factors into account and to, in effect, further reduce a sentence already based on a 6 level departure would fail to satisfy the other purposes of sentencing.

**III.**

**THEREFORE, IT IS ORDERED** that defendant's request is **DENIED**.

Dated at Milwaukee, Wisconsin, this 6th day of September, 2007.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge